**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DALE E. PHILLIPS,

          Plaintiff-Appellant,

  v.

SOUTH COAST PLAZA; et al.,

          Defendants-Appellees.

No.   18-56070

D.C. No. 8:18-cv-00812-AG-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Dale E. Phillips appeals pro se from the district court's order dismissing his

42 U.S.C. § 1983 action arising out of a trespass warning he received from South

Coast Plaza mall. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a district court's dismissal of a complaint for failure to state a claim under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 12(b)(6), *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), and we affirm.

The district court properly dismissed Phillips's § 1983 action because Phillips failed to allege facts sufficient to show the violation of a constitutional right, or the presence of state action. *See Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) ("Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element."); *id.* at 1035-36 (setting forth elements of § 1983 claim); *Brewster v. Board of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 981 (9th Cir. 1998) (setting forth elements of procedural due process claim).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**